# EXHIBIT "A"

▣ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-3127**

**AUG 30, 2021 11:31 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Mary Collins, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| Dollar General Corporation, Jayel Williams, and Vinet Asia Zhane, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, MARY COLLINS, Plaintiff in the above-styled action and states her Complaint as follows:

**Jurisdiction**

1.

Defendant Dollar General Corporation (hereinafter referenced as "DGC") is a foreign corporation. It's registered agent is Corporation Service Company whose registered office is located at 192 Anderson Street; Suite 125; Marietta, Georgia 30060. Accordingly, it is subject to the jurisdiction of this Court.

2.

Defendant Williams is a joint tortfeasor with Defendant DGC and accordingly is subject to the jurisdiction of this Court.

3.

Defendant Vinet Asia Zhane is a joint tortfeasor with Defendant DGC and accordingly is subject to the jurisdiction of this Court.

**Cause Of Action**

4.

At all times relevant hereto Defendant DGC operated a retail store located at 5611 Riverdale Road; College Park, Georgia 30349 (hereinafter referenced as "the Store").

5.

At all times relevant hereto Defendant Jayel Williams was an employee of Defendant DGC with managerial responsibility.

6.

At all times relevant hereto Defendant Vinet Asia Zhane was an employee of Defendant DGC over which Defendant Williams had supervisory responsibility.

7.

At all times relevant hereto Defendants Williams and Zhane were in a romantic relationship.

8.

On October 24, 2019 at approximately 1:30 p.m. Plaintiff, a senior citizen and her 5 year old grandson were invitees in the Store. It was his birthday and she was

purchasing some items for the birthday celebration.

9.

When Plaintiff went to the cash register to pay for the merchandise Defendant Zhane was at the cash register.

10.

Defendant Zhane began verbally attacking Plaintiff.

11.

Defendant Zhane had Defendant Williams to cash Plaintiff out at the cash register so that she (Zhane) could go outside and wait for Plaintiff to physically assault Plaintiff when she exited the Store.

12.

Once Defendant Williams cashed Plaintiff out at the cash register, Plaintiff exited the Store.

13.

As soon as Plaintiff and her grandson went out of the Store Defendant Zhane ran directly at and physically attacked her.

14.

Defendant Zhane struck and scratched Plaintiff in her face.

15.

Defendant Zhane continued to physically assault Plaintiff until some bystanders pulled Zhane off of her.

16.

In a wild fit of rage Defendant Zhane broke away from the bystanders who were holding her and charged at Plaintiff again and again struck Plaintiff in the face.

17.

The police were called and Defendant Zhane was arrested.

18.

Plaintiff went to an urgent care facility after being attacked and is still being treated for the mental, emotional and psychological trauma she suffered from the attack.

19.

Plaintiff has incurred and continues to incur medical expenses as a result of the attack.

20.

Plaintiff suffered physical injury, mental anguish and emotional distress as a result of the physical assault by Defendant Zhane.

21.

Additionally, Plaintiff continues to suffer mental anguish and emotional distress from the embarrassment and humiliation she suffers as she constantly remembers being beaten in public by Defendant Zhane in front of her then 5-year old grandson.

22.

Defendants acted in bad faith, been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

**Count 1 - Defendant Zhane's Liability**

23.

The allegations set forth in paragraphs 1 through 22 are hereby adopted and realleged as if repeated and restated here verbatim.

24.

Defendant Zhane is liable to Plaintiff for the injuries suffered as a result of her attack on Plaintiff.

25.

Defendant Zhane's actions constitute willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**Count II - Defendant Williams' Liability**

26.

The allegations set forth in paragraphs 1 through 25 are hereby adopted and realleged as if repeated and restated here verbatim.

27.

Plaintiff's only contact with Defendant Zhane was as a customer and invitee of Defendant DGC.

28.

Defendant Zhane's actions were while actively employed by Defendant DGC.

29.

Defendant Zhane's attack on Plaintiff occurred on Defendant DGC's premises.

30.

Defendant Zhane's actions were in the course and scope of her employment with Defendant DGC.

31.

Defendant Williams' actions and/or omissions were while actively employed by Defendant DGC.

32.

Defendant Williams' actions and/or omissions were in the course and scope of his employment with Defendant DGC.

33.

At all times relevant hereto Defendant Williams was Defendant Zhane's supervisor.

34.

As an employee and supervisor of the Store Defendant Williams was responsible for exercising ordinary care to assure the safety of Plaintiff as an invitee of the Store.

35.

At all times relevant hereto Defendant Zhane was an employee over which Defendant Williams had supervisory responsibility.

36.

Prior to October 24, 2019 Defendant Williams knew that Defendant Zhane had a propensity for violence.

37.

On October 24, 2019 Defendant Williams was aware of and observed Defendant Zhane threatening to attack Defendant Zhane before the attack.

38.

Defendant Williams was negligent in supporting the hiring of Defendant Zhane by Defendant DGC.

39.

Defendant Williams was negligent in supporting the continued employment of Defendant Zhane by Defendant DGC.

40.

Defendant Williams was negligent in allowing Defendant Zhane to attack Plaintiff.

41.

Defendant Williams was negligent in not preventing Defendant Zhane from attacking Plaintiff.

42.

By supporting the hiring of Defendant Zhane, Defendant Williams acted with an entire want of care such that it raises the presumption of conscious indifference for the well-being of invitees of the Store including Plaintiff.

43.

.        By supporting the continued employment of Defendant Zhane, Defendant Williams acted with an entire want of care such that it raises the presumption of conscious indifference for the well-being of invitees of the Store including Plaintiff.

44.

By failing to prevent Defendant Zhane from attacking Plaintiff, Defendant Williams acted with an entire want of care such that it raises the presumption of conscious indifference for the well-being of invitees of the Store including Plaintiff.

45.

Defendant Williams' actions and/or omissions constitute willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

46.

Defendant Williams is liable to Plaintiff for the injuries inflicted upon her by Defendant Zhane.

## Count III - Defendant Dollar General Corporation's Liability

47.

The allegations set forth in paragraphs 1 through 46 are hereby adopted and realleged as if repeated and restated here verbatim.

48.

Defendant Dollar General Corporation is liable pursuant to respondeat superior for the actions and/or omissions of Defendant Zhane.

49.

Defendant Dollar General Corporation is liable pursuant to respondeat superior for the actions and/or omissions of Defendant Williams.

50.

Defendant DGC was negligent in hiring Defendant Zhane.

51.

Defendant DGC was negligent in continuing to employ Defendant Zhane.

52.

Defendant DGC was negligent in allowing Defendant Zhane to attack Plaintiff.

53.

Defendant DGC was negligent in not preventing Defendant Zhane from attacking Plaintiff.

54.

By hiring of Defendant Zhane, Defendant DGC acted with an entire want of care such that it raises the presumption of conscious indifference for the well-being of invitees of the Store including Plaintiff.

55.

.     By the continued employment of Defendant Zhane, Defendant DGC acted with an entire want of care such that it raises the presumption of conscious indifference for the well-being of invitees of the Store including Plaintiff.

56.

By failing to prevent Defendant Zhane from attacking Plaintiff, Defendant DGC acted with an entire want of care such that it raises the presumption of conscious indifference for the well-being of invitees of the Store including Plaintiff.

57.

Defendant DGC's actions and/or omissions constitute willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

58.

Defendant DGC is liable to Plaintiff for the injuries inflicted upon her by Defendant Zhane.

**WHEREFORE**, Plaintiff pleads the following:

I.  Judgment against Defendants jointly and severally for

    A    Compensatory damages for no less than $1 million;

    B.    Punitive damages for no less than $1 million;

    C.    Pre- and post-judgment interest;

    D.    Cost of this action including, but not limited to, reasonable attorney's fees; and

II.  Trial by jury of all issues so triable.

ALEXANDER LAW FIRM, P.C.

H.J.A. Alexander
Ga. Bar. No.: 008863
Attorney for **MARY COLLINS**, Plaintiff.

2160 High Point Trail
Atlanta, Georgia 30331
404-346-0834
hjaa@alexanderlawfirm.com